**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

RICHARD BROWN,           )
                         )
       Plaintiff,    )
                         )   Case No. 12-CV-447-JED-PJC
v.                       )
                         )
PETEX 2, LLC,            )
                         )
       Defendant.    )

## OPINION AND ORDER

The Court has for its consideration the Motions for Partial Summary Judgment filed by defendant, PetEx 2, LLC ("PetEx") (Doc. 15) and by plaintiff, Richard Brown ("Brown") (Doc. 25). The Court has also considered the parties' responses (Doc. 17, 27) to one another's motions, as well as PetEx's reply brief (Doc. 18) in support of its motion.

**I.     Background**

Brown was employed by PetEx as a delivery van driver from on or about September 15, 2008 through August 30, 2010.[1] He transported puppies for PetEx to various locations in the United States. Brown brings claims under the Fair Labor Standards Act ("FLSA") for unpaid wages and overtime pay. He alleges that, during his employment, he worked overtime hours for which PetEx refused to pay overtime pay and that PetEx "forced [him] to work for periods" for which he was not paid. (Doc. 1 at ¶¶ 5, 9).

Each party has moved for partial summary judgment on specific issues, discussed below.

---

[1] There is a discrepancy as to the exact dates of employment. (*See, e.,g.* Doc. 15 at 6 [Ex. 1] [PetEx asserts Brown was employed from February 23, 2009 to September 2, 2010]; Doc. 25 at 3, ¶ 1 [Brown alleges he was employed from September 15, 2008 through August 30, 2010]). However, in response to Brown's motion, PetEx admitted Brown's allegation that he was employed from about September 15, 2008 through August 30, 2010. (*See* Doc. 27 at 2, ¶ 1). The Court will accordingly use those dates for purposes of this Opinion and Order.

## II. General Standards Applicable to Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). "By its terms, [the Rule 56] standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson*, 477 U.S. at 247-48 (emphasis in original). "[S]ummary judgment will not lie if the dispute about a material fact is not 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. In considering a summary judgment motion, the courts thus determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52. The non-movant's evidence is taken as true, and all justifiable and reasonable inferences are to be drawn in the non-movant's favor. *Anderson*, 477 U.S. at 255; *see Ribeau v. Katt*, 681 F.3d 1190, 1194 (10th Cir. 2012).

Rule 56 also permits partial summary judgment. *See* Fed. R. Civ. P. 56(a) (party may move for summary judgment as to "part of [a] claim or defense"); Fed. R. Civ. P. 56(g) (the court "may enter an order stating any material fact--including an item of damages or other relief--that is not genuinely in dispute and treating the fact as established in the case.").

## III. Plaintiff's Motion for Partial Summary Judgment

Brown seeks partial summary judgment on the issue of what constituted Brown's "work time" with PetEx for purposes of his wage claims under the FLSA. Specifically, he asks the Court to declare as a matter of law that Brown, "as a van driver and caretaker of the puppies, was

working twenty-four (24) hours per day" while he was employed for PetEx. (Doc. 25 at 6-7). In its response, PetEx notes that Brown's summary judgment motion was filed out-of-time, without leave of the Court to do so, and he has provided no explanation for his untimely filing. PetEx also argues that the issues of how Brown spent his time while making van delivery trips for PetEx, and any restrictions placed on his time by PetEx during such trips, are questions of fact preventing the partial summary judgment sought by Brown.

Brown's motion was filed approximately one month out-of-time, without seeking leave and without reciting any justification for the late filing. The Court previously noted the untimeliness in its Order of May 20, 2013 (Doc. 26), which extended various other pretrial deadlines at the parties' request. Notwithstanding the untimeliness of the filing, PetEx has also responded to the substance of Brown's motion, and the Court finds that the late filing did not prejudice PetEx (particularly in light of the Court's extension of numerous other pretrial deadlines, including discovery) and will accordingly consider Brown's motion.

Upon the record before it, the Court is unwilling to declare, as a matter of law, that Brown worked 24 hours per day while employed by PetEx. Such a determination is dependent upon fact issues. PetEx denies it required Brown to work 24 hours per day. In his response to Brown's motion for partial summary judgment, Brown himself alleges that he "worked *up to twenty (20) hours a day*," a self-inflicted dispute of fact which is clearly inconsistent with his request that the Court determine his work day was 24 hours long. (*See* Doc. 17 at 15, emphasis added). Moreover, Brown has submitted specific evidence regarding only a very limited period of time (in April, 2009), and that evidence alone does not support a claim of a 24 hour work day during that one month, much less during the entire course of Brown's employment with PetEx. While Brown asserts that PetEx required him to falsify records to reflect time off that he did not

3

actually receive, PetEx denies that claim, and there is a genuine dispute of material fact regarding such a claim.

Moreover, because the FLSA does not define "work," whether particular activities are compensable work under the FLSA must be determined on a case-by-case basis. *Smith v. Aztec Well Serv. Co.*, 462 F.3d 1274, 1285 (10th Cir. 2006) (citation omitted). How an employee spends his time is a question of fact. *See Reich v. Wyoming*, 993 F.2d 739, 741 (10th Cir. 1993) (citation omitted). In this case, what Brown did while making puppy delivery trips for PetEx and whether he had any personal time during delivery trips present genuine issues of material fact precluding summary judgment. *See, e.g., Garcia v. Tyson Foods, Inc.*, 766 F. Supp. 2d 1167, 1179-84 (D. Kan. 2011) (factual disputes precluding summary judgment on issues relating to what time was work time and how much time was spent doing work activities); *Brubach v. City of Albuquerque*, 893 F. Supp. 2d 1216, 1225-26 (D.N.M. 2012) (genuine issue of fact regarding whether plaintiffs were required to arrive at work early and whether that time was compensable).

**IV.   Defendant's Motion for Partial Summary Judgment**

PetEx seeks partial summary judgment on the issue of the applicable statute of limitations under 29 U.S.C. § 255(a). PetEx asserts that this Court should determine as a matter of law that claims arising from Brown's employment prior to August 7, 2010 (two years prior to the filing of the Complaint in this case) are barred by the two year statute of limitations set forth in § 255(a). In response, Brown asserts that PetEx willfully refused to pay for time he worked, such that the three year statute of limitations should apply.

An action for unpaid minimum wages, unpaid overtime compensation, or liquidated damages under the FLSA "may be commenced within two years after the cause of action accrued . . . except that a cause of action arising out of a *willful violation* may be commenced within three

years after the cause of action accrued." 29 U.S.C. § 255(a) (emphasis added). "The standard for willful violations is whether the employer 'knew or showed reckless disregard for the matter of whether its conduct was prohibited [under the FLSA].'" *Reich v. Monfort, Inc.*, 144 F.3d 1329, 1334 (10th Cir. 1998). Whether an FLSA violation is willful is a mixed question of law and fact, but factual issues typically predominate. *See id.*

Here, Brown alleges that PetEx arranged puppy delivery schedules which were so tight it was impossible to comply with Department of Transportation rules limiting the number of hours a driver would drive or be on duty and that, whenever his daily logs indicated driving hours that violated those rules, PetEx would falsify the records to conform to the rules. He further alleges that he was not paid for all of those hours he worked. (*See, e.g.,* Doc. 17-1 at ¶¶ 9-13). PetEx disputes those assertions. The record on this issue presents genuine factual disputes as to whether PetEx acted willfully – i.e. whether PetEx knew or showed reckless disregard for alleged violations of the FLSA – precluding summary judgment on the statute of limitations argument presented by PetEx. *See, e.g., Shager v. Upjohn Co.*, 913 F.2d 398, 406 (7th Cir. 1990); *Ramirez v. Rifkin*, 568 F. Supp. 2d 262 (E.D.N.Y. 2008).

**V.    Conclusion**

The arguments presented by each of the parties' summary judgment submissions present genuine disputes of material fact, which render summary judgment inappropriate on the record before this Court.

IT IS THEREFORE ORDERED that the parties' respective motions for partial summary judgment (Doc. 15 and Doc. 25) are hereby **denied**.

SO ORDERED this 18th day of July, 2013.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE

5